**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPLOYEE BENEFIT FUNDS, | Civil Action No. 17-5962 (ES) (MAH) |
| Petitioners, | |
| v. | MEMORANDUM OPINION |
| J.T. CLEARY, INC., | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

*Background.* On August 9, 2017, Petitioners Trustees of the International Union of Operating Engineers Local 825 Employee Benefit Funds ("Petitioners") filed a petition before this Court to confirm two default arbitration awards against Respondent J.T. Cleary, Inc. ("Respondent"). (*See* D.E. Nos. 1 & 1-3).

On September 13, 2017, upon Petitioners' unopposed motion (D.E. No. 2), this Court entered an Order Confirming Arbitration Award and Entry of Judgment in the amount of $16,017.37 against Respondent. (D.E. No. 4 ("Judgment")).[1] Petitioners served the Judgment and a post-judgment Information Subpoena on Respondent on September 18, 2017, by certified and regular mail, return receipt requested. (D.E. No. 5-1 ("Pet. Mov. Br.") at 3; D.E. No. 5-2 at 5-21).

"In light of Respondent's recalcitrance," Petitioners now move this Court to hold Respondent and its nonparty principal, James T. Cleary, in civil contempt for failing to comply with this Court's Judgment and Petitioners' Information Subpoena. (*See* Pet. Mov. Br. at 3). In a proposed order

---

[1] The default arbitration awards were issued by the Hon. Joel A. Pisano (Ret.) on April 24, 2017 and May 25, 2017. (*See* D.E. No. 1-3).

1

submitted with their motion, Petitioners request, among other things, that if Respondent "fails . . . to submit payment in the amount of $16,017.37, and . . . to submit to a payroll audit[,] . . . a warrant for Mr. Cleary's arrest shall issue out of this Court without further notice." (D.E. No. 5-3 at 2). Petitioners further request that Respondent and Mr. Cleary "pay the sum of $300.00 for each day" Respondent fails to (i) submit payment in the amount of $16,017.37, and (ii) produce the documents in the Information Subpoena, among other things. (*Id.*).

The Court has reviewed Petitioners' submissions in support of their motion and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court DENIES Petitioners' motion without prejudice.

***Legal Standard.*** A party seeking to have an adversary held in civil contempt must establish by clear and convincing evidence that (i) there is a valid court order; (ii) the adversary had knowledge of that order; and (iii) the adversary disobeyed that order. *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). Moreover, where civil contempt is warranted, district courts have broad discretion in fashioning an appropriate remedy, including incarceration. *See Andrews v. Holloway*, 256 F.R.D. 136, 148 (D.N.J. 2009) (citing *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991)).

At first blush, it may seem that contempt is warranted in this case: it appears that (i) there is a valid Court order (*see* D.E. No. 4); (ii) Respondent is aware of it (*see* D.E. No. 5-2); and (iii) Respondent has failed to comply with its terms.

However, Petitioners' motion ignores the fact that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *See* Fed. R. Civ. P. 69(a). Interpreting that rule, courts have routinely held that "[a]lternative methods of enforcement are not favored unless a writ would be an inadequate remedy, and contempt sanctions should be imposed as an enforcement

2

method only in exceptional circumstances." *N.J. Bld'g Laborers' Statewide Benefit Funds & the Trustees Thereof v. Gen. Civil Corp.*, No. 08-6056, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009) (citing Moore's Federal Practice § 69.02 (3d ed. 2003)).

*Analysis.* To start, Petitioners have indicated that the post-judgment Information Subpoena was served by postal mail. (D.E. No. 5-2 at 10). "Such service, however, does not comport with what is required under Federal Rule of Civil Procedure 45(b)(1), which mandates that "[s]erving a subpoena requires **delivering a copy to the named person** . . . ." *Gen. Civil Corp.*, 2009 WL 2778313, at *2 (emphasis in original).[2] Because Petitioners have failed to comply with the personal service requirement of Rule 45(b)(1), the Court declines to hold Mr. Cleary (a nonparty) in contempt for failing to submit to such discovery at this time. *Cf. id.* (declining to hold the respondent's president in contempt for failing to comply with post-judgment discovery subpoena because service of subpoena did not comport with Rule 45(b)(1)).

As to Petitioners' attempt to enforce the Judgment in the amount of $16,017.37, "the primary method to enforce a money judgment is by a writ of execution." *Id.* (citing Fed. R. Civ. P. 69(a)). And "[a]lternative methods of enforcement are not favored unless a writ would be an inadequate remedy." *Id.* But no such inadequacy is suggested here. (*See* Pet. Mov. Br.). Moreover, the Court is mindful that "contempt sanctions should be imposed as an enforcement method only in exceptional circumstances." *Gen. Civil Corp.*, 2009 WL 2778313, at *2.[3]

---

[2] *See also Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Sols., LLC*, No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) ("The 'longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed *literall*y.'") (quoting Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. West 2010)) (emphasis in original); *Vitale v. Repetti*, No. 05-5685, 2007 WL 1752040, at *2 (D.N.J. June 18, 2007) (finding that party "failed to comply with the personal service requirement of Rule 45(b)(1) by mailing the subpoenas at issue"); *Parker v. John Doe #1*, No. 02-7215, 2002 WL 32107937, at *2 (E.D. Pa. Nov. 21, 2002) ("A majority of courts have held that Rule 45 requires personal service of subpoenas. . . . Rule 45 requires personal service of subpoenas and, for that reason, Plaintiff's motion for leave to serve subpoenas by certified mail is denied.") (citations omitted).

[3] *See also Andrews*, 256 F.R.D. at 141 ("The Court will not lightly hold a party in contempt . . . .").

In sum, the Court finds that it would be inappropriate to impose the proposed drastic penalty of civil contempt given the manner by which Petitioners served the Information Subpoena, the demanding evidentiary standard, and Petitioners' apparent failure to even attempt to enforce the Judgment by writ of execution. *Cf. id.* ("[I]t is premature to conclude that Petitioner cannot follow the primary method of enforcing its judgment, particularly given that proper service of a subpoena upon [the respondent's president] has not occurred to date.").[4] Petitioners therefore have not come close to "demonstrating exceptional circumstances that would warrant imposition of civil contempt." *Jobconnection Servs., Inc*, 2016 WL 1597241, at *2 n.2. At the very least, Petitioners' motion is premature. As Rule 69(a) indicates, Petitioners should first seek to enforce the Judgment through a writ of execution. *Id.* at *2. Accordingly, Petitioners' motion is denied without prejudice.

***Conclusion.*** For the foregoing reasons, Petitioners' motion is denied without prejudice. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*<br>
**Esther Salas, U.S.D.J.**

---

[4] *See also Jobconnection Servs., Inc. v. Munoz*, No. 13-3901, 2016 WL 1597241, at *1 (D.N.J. Apr. 21, 2016) ("Here, [plaintiff] has not even attempted to obtain relief through a writ of execution; instead it has chosen to jump the gun by arguing for [defendant's] incarceration pending satisfaction of the Order and Judgment. Even if a writ of execution were not the favored method of enforcing a judgment, [plaintiff's] proposed solution would nonetheless be, at this point in time, impermissibly draconian.").